IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BAC LOCAL UNION 15 PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Case No. 10-00605-CV-W-DGK |
| JERRY BENNETT MASONRY CONTRACTOR, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER DENYING SUMMARY JUDGMENT

This case arises from Defendant Jerry Bennett Masonry Contractor, Inc.'s failure to timely make payments to Plaintiffs BAC Local Union 15 Pension Fund, BAC Local Union 15 Welfare Fund, and BAC Local Union 15 Apprenticeship and Training Fund. Currently before the Court are Plaintiffs' Motion for Summary Judgment (Doc. 24), Plaintiff's Memorandum in Support of Motion for Summary Judgment (Doc. 25), Defendant's Suggestions in Opposition (Doc. 30), and Plaintiffs' Reply Suggestions in Support of Motion for Summary Judgment (Doc. 31). For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. 24) is denied.

**Background**

Plaintiffs, BAC Local Union 15 Pension Fund ("Pension Fund"), BAC Local Union 15 Welfare Fund ("Welfare Fund"), and BAC Local Union 15 Apprenticeship and Training Fund ("Training Fund"), and their respective Trustees (hereinafter "Funds") are multiemployer employee benefit trust funds, constituting employee benefit plans as defined in the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA").

1

The Pension Fund was established on June 6, 1968, pursuant to a collective bargaining agreement entered into between the Builders Association of Missouri and Local Union No. 18 of the Bricklayers, Masons and Plasterers International. The Trust Agreement establishing the Pension Fund was amended and revised effective January 1, 1976. The Welfare Fund was established on April 5, 1973, pursuant to the collective bargaining agreement between the Builders Association of Missouri and Local Unions Nos. 4 and 18 of the Bricklayers, Masons, and Plasterers International Union. The Trust Agreement establishing the Welfare Fund was amended and revised effective January 1, 1976. The Training Fund was established on April 1, 1994, pursuant to the collective bargaining agreement between The Builders' Association of Missouri and Local Union No. 4 and Local Union No. 18 of the Bricklayers and Allied Craftsmen International Union, AFL-CIO. The Trust Agreement establishing the Training Fund was effective April 1, 1994.

The Boards of Trustees of the Pension Fund, Welfare Fund, and Training Fund adopted a compliance resolution effective October 1, 1991. This compliance resolution set forth the procedures regarding the imposition of liquidated damages and interest payments against contributing employers for the late payment of employee benefit plan contributions to the Funds. According to the terms of the agreement, liquidated damages were to be imposed on a graduated schedule, resulting in damages in the amount of 5% of the required contribution for delinquent payments received more than 30 days after the end of the calendar month in which the hours were worked, up to a maximum of 20% of the required contribution for payments received more than 180 days after the end of the calendar month in which the hours were worked.

Jerry Bennett Masonry Contractor, Inc. ("Masonry Inc.") is a Missouri corporation doing business in the Western District of Missouri. Bricklayer employees of Masonry Inc. were

employed under the terms of the collective bargaining agreements with Missouri and Kansas Bricklayers Local Union No. 15 of the International Union of Bricklayers and Allied Craft Workers, AFL-CIO, during the months of July, August, September, October, November and December 2009, and January and February 2010. Masonry Inc. agreed to the terms of a collective bargaining agreement and employed bricklayers in accordance with this agreement. The agreement provided, in relevant part, that Masonry Inc. would provide for written reports and payment of employee benefit plan contributions to the Plaintiff Funds within fifteen days of the last day of the preceding month for the hours worked during the preceding month.

However, Masonry Inc. failed to make timely contributions to the Funds in accordance with the Springfield collective bargaining agreement for the months of July 2009 through February 2010 and in accordance with the Kansas City collective bargaining agreement from August 2009 through February 2010. Accordingly, the Funds assessed liquidated damages and interest for the delinquent payments totaling $51,542.36. In April 2010, prior to initiation of this lawsuit, Masonry Inc. satisfied payment of all required contributions to the Funds. The liquidated damages and interest payments of $51,542.36 remain unpaid.

On June 16, 2010, the Funds filed suit against Defendant to collect the liquidated damages, interest assessments, and attorney's fees they believe are due under the collective bargaining agreement in effect at the time the contributions were made. 29 U.S.C. §1145; 29 U.S.C. §1132(g)(2); and 29 U.S.C. §185.

**Summary Judgment Standard**

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

3

matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must evaluate the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991).

## Discussion

The parties do not dispute that Masonry Inc. was, at all material times, party to a collective bargaining agreement with BAC Local Union 15 requiring Masonry Inc. to make contributions to the employee benefit plan maintained by the Funds and specifying the date on which the contributions were due. The parties also agree that, even though such contributions were late under the terms of the applicable collective bargaining agreements, Masonry Inc. eventually made these contributions by its duly authorized representative prior to the Funds' initiation of this lawsuit. Furthermore, the parties do not dispute that Masonry Inc.'s employee benefit plan contributions to the Plaintiff Funds are governed by ERISA.

The parties' disagreement lies in their interpretation of Masonry Inc.'s duty to pay liquidated damages on "unpaid contributions" to the employee benefit plan. Thus, at issue is the amount of damages Defendant owes Plaintiffs for failure to timely pay its obligations. The Funds maintain that they properly assessed liquidated damages and interest in accordance with the provisions of the collective bargaining agreements, trust documents, and resolutions adopted by the Boards of Trustees of the Plaintiff Funds because Masonry Inc.'s delinquent payments constitute "unpaid contributions" under ERISA, 29 U.S.C. § 1132(g). Masonry Inc. argues that

contributions made pursuant to 29 U.S.C. § 1132(g) are not "unpaid contributions" if, even though they may be delinquent, they are made prior to the filing of the lawsuit.

Pursuant to ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or the terms of a collectively bargained agreement, shall, to the extent non inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or agreement." 29 U.S.C. §1145. A participating employer's failure to make contributions to the multiemployer plan when the contributions are due, or the failure of the plan to collect such delinquent contributions, constitutes a prohibited transaction between the parties for which penalties may be assessed. 29 U.S.C. § 1106 and 1007.

ERISA Section 502(g) provides for recovery of certain amounts due in the event an employer does not make contributions in accordance with 29 U.S.C. § 1145. 29 U.S.C. § 1132(g)(2) provides in relevant part that:

> [I]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of—
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>   (E) such other legal or equitable relief as the court deems appropriate.

Thus, under ERISA, liquidated damages provided for in a collective bargaining agreement are appropriate if the amount does not exceed 20% of the *unpaid contributions*. 29 U.S.C. §1132(g).

Plaintiffs argue that all of Defendant's delinquent contributions, even those paid prior to commencement of the lawsuit, are "unpaid contributions" within the meaning of the act. Accordingly, Plaintiffs argue that they are entitled to summary judgment. Based on the undisputed material facts, Defendant failed to make timely contributions to the Plaintiff Funds in accordance with the requirements of the collective bargaining agreements, Trust Agreements, and the requirements of ERISA. Thereafter, the Boards of Trustees of the Plaintiff Funds assessed liquidated damages and interest pursuant to its compliance resolution and in accordance with 29 U.S.C. § 1132(g). Demand for payment of the liquidated damages and interest was made upon Masonry Inc., and Masonry Inc. failed to satisfy payment of these damages prior to Plaintiffs filing their Motion for Summary Judgment.

Defendant, however, argues that Plaintiff has failed to meets its burden for summary judgment because contributions made pursuant to 29 U.S.C. § 1132(g) are not "unpaid contributions" if they are paid prior to the filing of a lawsuit. In making this assertion, Defendant relies on the Eighth Circuit's decision in *Carpenters & Joiners Welfare Fund, et al. v. Gittleman Corporation*. 857 F.2d 476 (8th Cir. 1988). In *Gittleman*, the defendant employer was late in making fourteen required monthly contributions to the multiemployer employee fringe benefit funds in an eighteen-month period. However, prior to lawsuit, defendant made all required contributions. The funds subsequently brought an action against the employer, claiming liquidated damages of ten percent of the delinquent contributions under both the collective bargaining agreement and 29 U.S.C. § 1132(g)(2). The district court denied the funds' claim for

6

liquidated damages, holding that there were no "unpaid contributions," and the Eighth Circuit affirmed.

In affirming the district court, the Eighth Circuit noted that ERISA Section 1132 was enacted as part of the Multiemployer Pension Plan Amendments Act of 1980 and provides for several types of compensation all of which are keyed to the amount of "unpaid contributions." The court went on to explain that the term "unpaid contributions" has been interpreted to mean contributions unpaid *at the time suit was filed*, rather than contributions which were delinquent for some time but which were satisfied before suit was filed. Accordingly, the Eighth Circuit declined to find the defendant liable for any amount of liquidated damages.

Plaintiffs seem to suggest that the Eighth Circuit's decision is not controlling here because the Eighth Circuit "did not consider all applicable provisions of ERISA" and "did not give proper consideration to the purpose behind the enactment of 29 U.S.C. 1145, ERISA § 1132(g)" (Doc. 31). Plaintiffs go on to note that a thorough discussion of the reasoning which supports Plaintiffs' claims is set out by the court in *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al. v. Building Tech, Inc., et al.*, 747 F. Supp. 288 (E.D. Penn 1990), and *Trustees of Glaziers Local 963 v. Walker & Laberge Co.*, 619 F. Supp. 1402 (D. Md. 1985). In both those cases, the courts held that the term "unpaid contributions," as used in ERISA, referred to all contributions outstanding at time the funds' suit began. Accordingly, an employer could not escape liability for interest, penalty, and costs by paying delinquent contributions after commencement of action but prior to entry of a final judgment. However, the courts also held that contributions that were tendered prior to commencement of the lawsuit were not "unpaid contributions" from which liquidated damages could be calculated. These findings, support, not undermine, Defendant's position and the Eighth Circuits holding in *Gittleman*.

7

Even if Plaintiffs cannot recover under ERISA, Section 502(g), Plaintiffs argue they should be allowed to recover under the applicable provisions of the parties' collective bargaining agreement. *See Trustees of Glaziers Local 963*, 619 F. Supp. 1402 (holding that 29 U.S.C. § 1132 does not preempt alternative contractual remedies set forth in the collective bargaining agreement for contributions which had not been paid timely). However, the Eighth Circuit found this argument unavailing in *Gittleman*, holding that a contract claim under the collective bargaining agreement is preempted by Section 1132(g)(2). According to the court,

> "[t]o allow the funds to recover liquidated damages outside the statutory framework of section 1132(g)(2), with its 20% limitation, would be to allow funds with no 'unpaid contribution' to avoid the strictures of the 20% rule and in some cases to afford them a fuller remedy than that available to funds with 'unpaid contributions.' Congress cannot have intended such an anomaly. The detail and comprehensiveness of the section 1132(g)(2) remedy supports the conclusion that it was meant to 'supplant any remedy that otherwise would be available.'" *Gittleman*, 857 F.2d at 478.

## Conclusion

For the foregoing reasons, Plaintiffs' motion for summary judgment is denied. Because the Eighth Circuit has held that delinquent payments satisfied prior to initiation of a lawsuit are not "unpaid contributions" pursuant to which a party may be entitled to liquidated damages under 29 U.S.C. 1132(g), Plaintiffs' have failed to show that they are entitled to summary judgment. Accordingly, Plaintiffs' motion is denied.

**IT IS SO ORDERED.**

Date:   April 2, 2012                           /s/ Greg Kays

                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT

8